# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  November 7, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JEFFREY and MEGHAN HEISE, | \* | No. 16-1082V |
| As parents of L.D.H., | \* | |
| | \* | |
| Petitioners, | \* | Special Master Sanders |
| | \* | |
| v. | \* | |
| | \* | Attorneys' Fees and Costs; Reasonable |
| SECRETARY OF HEALTH | \* | Amount Requested. |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Andrew M. Krueger, Krueger & Hernandez S.C., Middleton, WI, for Petitioner.
Robert P. Coleman, III, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 30, 2016, Jeffrey and Meghan Heise ("Petitioners") filed a petition, as parents of L.D.H., for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioners alleged that, as a result of the Diphtheria, Tetanus, and Pertussis ("DTaP") vaccines, Inactivated Polio Vaccines ("IPV"), Hepatitis B Vaccines ("HBV"), Haemophilus influenza type B ("Hib") vaccines, and the Pneumococcal Conjugate Vaccines ("PCV") administered on September 9, 2013 and November 6, 2013, L.D.H. developed "a seizure disorder and/or epilepsy with corresponding hemiparesis and developmental delay."  Pet. 1, ECF No. 1; Resp't's Rep. 1, ECF No. 11.  On October 4, 2017, the parties submitted a joint stipulation of dismissal, and the undersigned issued an order concluding proceedings on October 5, 2017.  Stip. Dismissal, ECF No. 30; Order Concluding. Proc., ECF No. 33.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On October 4, 2017, Petitioners filed an application for attorneys' fees and costs. Mot. Att'ys' Fees, ECF No. 29. Petitioners requested $23,025.50 in attorneys' fees and $1,134.98 in costs, for a total of $24,160.48. Mot. Att'ys' Fees 4. Petitioners averred that they incurred $400 in personal costs during the prosecution of their case. *Id.*

Respondent submitted a Response to Petitioners' motion on October 18, 2017. Resp., ECF No. 34. Respondent indicated that "[t]o the extent that the Special Master is treating [P]etitioners' request for attorneys' fees and costs as a motion that requires a response from [R]espondent[,] . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. On October 19, 2017, Petitioners submitted their Reply, asserting that "the fees and costs are reasonable and were necessary to present [L.D.H.'s] claim." Reply, ECF No. 35.

The undersigned has reviewed the detailed records of time and expenses of Petitioners' counsel, and finds that they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioners are entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $24,160.48,[3] in the form of a check made payable jointly to Petitioners and Petitioners' counsel, Andrew M. Krueger, of Krueger & Hernandez, S.C., and the amount of $400 in the form of a check made payable to Petitioners.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).